UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| EDINA REALTY, INC., a Minnesota corporation, | x<br>:<br>:<br>: | Case No 04-4371JRT/FLN |
| Plaintiff, | :<br>: | **COMPLAINT** |
| v. | :<br>: | **DEMAND FOR JURY TRIAL** |
| THEMLSONLINE.COM, INC, a Minnesota corporation, | :<br>:<br>: | |
| Defendant. | :<br>:<br>:<br>x | |

For its Complaint against Defendant TheMLSonline.com, Inc. ("Defendant"), Plaintiff Edina Realty, Inc. ("Plaintiff" or "Edina Realty") alleges and states as follows:

**NATURE OF ACTION**

1. This is an action for trademark infringement, dilution, deceptive trade practices, and unfair competition, and other relief arising under the trademark laws of the United States of America, specifically 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and the statutory and common law of the state of Minnesota.

2. Plaintiff brings this action to protect itself from Defendant's infringement of its federally registered trademark, EDINA REALTY, used in the field of real estate brokerage. Upon information and belief, Defendant has and continues to engage in the practice known as "keyword advertising," whereby Defendant pays online search engines, such as Google and Yahoo, for the right to use Plaintiff's registered trademark EDINA REALTY as a search term, such that when an online search is conducted on google.com or yahoo.com for Plaintiff's

trademark, Defendant's online advertisement appears prominently as a "Sponsored Link," in the case of Google, or a "Sponsor Result," in the case of Yahoo. Defendant compounds this behavior by using Plaintiff's registered trademark as a hypertext link to Defendant's web site within the sponsored advertisement. This practice infringes upon and dilutes Plaintiff's trademark and constitutes unfair competition and deceptive trade practice.

3. This action seeks preliminary and permanent injunctive relief and damages against Defendant's willful infringement and dilution of Plaintiff's trademark, in violation of the Lanham Act, for unfair competition, and for deceptive trade practices under Minnesota statutory and common law.

## PARTIES

4. Plaintiff is a Minnesota corporation based in Edina, and is engaged in the business of providing real estate brokerage services under the EDINA REALTY trademark.

5. Upon information and belief, Defendant is a Minnesota corporation based in Champlin, and is engaged in the business of providing real estate brokerage services.

## JURISDICTION AND VENUE

6. This is a civil action arising under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, the Minnesota Uniform Deceptive Trade Practices Act, Minn. Stat. § 325D.43-48, and the common law of the state of Minnesota.

7. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and has supplemental jurisdiction under 28 U.S.C. § 1367.

8. Venue is proper in this judicial district because Plaintiff's claims arise in this judicial district, each party does business in this judicial district, witnesses and evidence are

located within this judicial district, and a substantial portion of the acts complained of herein have taken place in this judicial district.

## PLAINTIFF'S USE OF ITS EDINA REALTY TRADEMARK

9. Plaintiff is the owner of the trademark EDINA REALTY for use in connection with real estate brokerage services. Plaintiff has continuously sold its services under the EDINA REALTY trademark since 1958.

10. Plaintiff is the owner of the following United States Trademark Registration for its EDINA REALTY mark: Reg. No. 2585115.

11. Plaintiff provides its real estate brokerage services to customers throughout Minnesota, Wisconsin, North Dakota, and South Dakota. Through its use of the internet, Plaintiff is able to advertise and promote its goods to consumers across these states, and the internet is an invaluable resource for Plaintiff's business.

12. During the many years that Plaintiff has been continuously using the EDINA REALTY trademark in commerce with its real estate brokerage services resulting in several billion dollars per year in home sales, it has expended millions in advertising its services offered under the EDINA REALTY trademark in a variety of media, including but not limited to television, both general circulation and specialized print media, billboards, trade shows and the internet. In that time, there also have been many articles in general circulation newspapers and magazines, and discussions on radio, television and the internet related to the goods and services offered by Plaintiff.

13. Through continuous, extensive and exclusive use and promotion by Plaintiff, the EDINA REALTY trademark has garnered substantial name and design recognition and goodwill among consumers generally, and specifically among consumers of real estate brokerage services.

The public distinguishes Plaintiff's services from those of others on the basis of the EDINA REALTY trademark.

14. The Plaintiff has invested considerable effort and monies advertising the EDINA REALTY trademark for nearly five decades. As a result of this continuous and substantial effort and expense, and due to the quality of its services, the Plaintiff's services enjoy a prominent market position.

## KEYWORD ADVERTISING

15. Internet search engines allow consumers to search for and locate specific companies or products even when the consumer is not sure of the exact domain name or website address. By using a search engine, a consumer can enter search terms or "keywords" to perform a search in order to locate a desired website. Search engines, such as Google and Yahoo, then process these keywords in order to produce search results, which list the websites that match the consumer's keyword search. Conducting a search using keywords is simple and fast, such that a consumer will have his or her search results in seconds.

16. Google, perhaps the most popular search engine, offers a program called "AdWords," whereby advertisers are able to purchase or bid on keywords that generate an advertising link (known as a "Sponsored Link") to the advertiser's website. Yahoo offers a similar program through its affiliated provider, Overture, Inc. Accordingly, if an advertiser bids on a specific term as a keyword, when a consumer enters that term as a keyword in a search, that advertiser's website will be the first or among the first "Sponsored Links" or "Sponsor Results" on the first page of the search results. Google and Yahoo post the sponsored results prominently on the top of and at the margins of the search results page. There is no indication on the search

results page exactly what a "Sponsored Link" or "Sponsor Result" is or who exactly is "sponsoring" the advertisement.

17. Through the use of the AdWords and Overture programs, an advertiser is able to improperly select the trademark of its competitor and bid on that term as a keyword. Thus, when a consumer conducts an Internet search looking for the trademark owner's website, he or she will be confronted with the competing advertiser's website as a Sponsored Link.

18. The intended result of an advertiser who bids on its competitor's trademark through the AdWords or Overture program is to intercept consumers who are searching for a specific trademark owner's website and cause that consumer to inadvertently click on the link to the competing advertiser's website. The consumer may not realize that he or she has unwittingly clicked on the competitor's website, and once there, he or she may never find or return to the trademark owner's website for which the consumer was originally searching. Even if the consumer does realize that he or she has found a competitor's website, the consumer will be forced to backtrack in order to find the trademark owner's site for which he or she was originally searching.

19. Since the sponsored results appear prominently at the top or in the margins of the manipulated search engine results and are identified only as "Sponsored Links" or "Sponsor Results," without an explanation of who the "sponsor" is, consumers may falsely believe that it is, in fact, the trademark owner who is the "sponsor" of or is otherwise affiliated with these links.

20. The resulting confusion is compounded when the competitor who has purchased the sponsored result uses the trademark owner's trademark within the sponsored result as a hyperlink to the competitor's web site.

**DEFENDANT'S INFRINGEMENT**

21. Upon information and belief, subsequent to Plaintiff's substantial use of its EDINA REALTY mark, Defendant is and has been engaging in the unauthorized and unlawful practice of purchasing or bidding on Plaintiff's EDINA REALTY mark as a keyword in connection with its online advertising, promotion and marketing of competing products through the search engines Google, Yahoo, and others, in an effort to direct potential customers away from Plaintiff's website, located at www.edinarealty.com to Defendant's website located at www.themlsonline.com.

22. In particular, Defendant is paying Google and Yahoo for the right to use Plaintiff's EDINA REALTY mark as a keyword search term, such that when the term "EDINA REALTY" is searched on Google or Yahoo, the Defendant's advertisement appears prominently as a "Sponsored Link" or "Sponsor Result" at the top of the search results page. A printout from Google of a search of the term "EDINA REALTY" is attached hereto as Exhibit A. A printout from Yahoo of a search of the term "EDINA REALTY" is attached hereto as Exhibit B.

23. Defendant compounds this behavior by utilizing Plaintiff's EDINA REALTY mark within the sponsored advertisement itself. In fact, Defendant uses Plaintiff's EDINA REALTY mark as a hypertext link, such that, when a consumer clicks on the Plaintiff's trademark within the Defendant's sponsored advertisement, the consumer is taken immediately to the Defendant's web site. See Exhibits A and B.

24. As a result of Defendant's conduct, consumers searching for Plaintiff and Plaintiff's website are likely to be confused about the origin and sponsorship of Defendant's sponsored advertising, which is prominently displayed when a search of the term "EDINA REALTY" is conducted on Google or Yahoo. The prominent location of Defendant's

"Sponsored Link" or "Sponsor Result" in the search results, and the inclusion of Plaintiff's registered trademark within the Defendant's advertisement, implies an affiliation with Plaintiff that has damaged and will continue to damage Plaintiff's reputation and customer relationships.

25. Defendant's actions divert potential customers who are conducting a search for Plaintiff's registered trademark, EDINA REALTY. Through its actions, Defendant is attempting to mislead consumers into believing the Plaintiff's services are available via the Defendant's web site, and thereby impairing Plaintiff's efforts to promote and sell its products via its own web site.

26. Defendant's unlawful conduct has caused damage and irreparable injury to Plaintiff, and further damage and irreparable injury will result if Defendant is allowed to continue to violate Plaintiff's rights in and to its EDINA REALTY mark.

27. The acts of the Defendant are unlawful, willful and knowingly performed with the intent and result of injuring Plaintiff.

## PLAINTIFF'S NOTICE TO DEFENDANTS

28. Plaintiff sent a cease and desist letter to Defendant on February 2, 2004, demanding that Defendant immediately cease and desist from engaging in the practice of purchasing or bidding on Plaintiff's registered trademark EDINA REALTY as a keyword on Yahoo, such that Defendant's website would appear as a sponsored result. A copy of Plaintiff's cease and desist letter is attached hereto as Exhibit C.

29. Defendant responded, stating flatly that it "refuse[d] to comply with the demands set forth in [Plaintiff's] letter." A copy of Defendant's response is attached hereto as Exhibit D.

30. Upon information and belief, Defendant has failed to comply with the demands set forth in Plaintiff's cease and desist letter.

## COUNT I

## FEDERAL TRADEMARK INFRINGEMENT

31. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

32. Defendant has and continues to utilize Plaintiff's EDINA REALTY trademark in connection with Defendant's internet advertising and promotion of its competing services, thereby infringing Plaintiff's exclusive rights in its federally registered mark as set forth in 15 U.S.C. § 1115.

33. Defendant's acts constitute infringement of Plaintiff's rights in its trademark in violation of the Lanham Act, 15 U.S.C. §§§ 1114.

34. By reason of these acts Defendant has caused and will continue to cause damage to Plaintiff and to the goodwill associated with Plaintiff's mark.

35. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark. Without injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution of the EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffer damage to its reputation and associated goodwill through the false and unauthorized use of the EDINA REALTY mark.

36. Because Defendant's actions have been committed willfully, maliciously and intentionally, this is an exceptional case and Plaintiff is entitled to recover Defendant's profits

together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT II

## UNFAIR COMPETITION UNDER SECTION 43(a) OF THE LANHAM ACT

37. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

38. On information and belief, Defendant's use of Plaintiff's EDINA REALTY mark in connection with its keyword advertising, and as a hyperlink within its sponsored advertisements on Google and Yahoo, was deliberately calculated to convey the misleading commercial impression to consumers that the "Sponsored Link" and "Sponsor Result" advertisements listed in the manipulated search results page are approved by, sponsored by, or are somehow affiliated or connected with Plaintiff. As such, Defendant's use of Plaintiff's mark in commerce constitutes a willful and deliberate false designation of origin and false deception, as well as unfair competition with Plaintiff and an attempt to palm off Defendant's or services as those of Plaintiff.

39. Defendant's use of Plaintiff's EDINA REALTY mark is likely to cause confusion, mistake, and deception in the public, and to lead consumers to the erroneous impression that Defendant or its services originate with, or are endorsed or sponsored by, or affiliated with Plaintiff, or that there is some association between Plaintiff and its services, and Defendant and its services.

40. Defendant's conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act (15 U.S.C. 1125(a)).

41. The above acts by Defendant have caused, are causing, and unless enjoined will likely continue to cause, irreparable harm and injury to Plaintiff's business, reputation, and goodwill. Such acts are and have been willful and malicious, carried out with full knowledge that such acts are in violation of the law and will irreparably harm Plaintiff.

42. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark or any other trade name, trademark, or domain name that is likely to be confused with any of the EDINA REALTY mark, or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffers damage to its reputation and associated goodwill through the false and unauthorized use of the EDINA REALTY mark.

43. Because Defendant's actions have been committed willfully, maliciously and intentionally, this is an exceptional case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT III

### TRADEMARK DILUTION UNDER FEDERAL LAW
### (15 U.S.C. § 1125(c))

44. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

45. The EDINA REALTY mark is famous within the meaning of 15 U.S.C. §1125(c) and became famous before the acts of Defendant alleged herein.

46. The above acts by Defendant, which began after the EDINA REALTY mark became famous, are likely to dilute and tarnish the distinctive quality and the value of the EDINA REALTY mark.

47. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark, or any other trade name, trademark, or domain name that is likely to be confused with the EDINA REALTY mark, or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution and tarnishment of the EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffers damage to their reputation and associated goodwill through the false and unauthorized use of the EDINA REALTY mark.

48. Because Defendant's actions have been committed willfully, maliciously and intentionally, this is an exceptional case and Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

## COUNT IV

### DECEPTIVE TRADE PRACTICES UNDER MINNESOTA LAW
**(Minn. Stat. §325D.44)**

49. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

50. The above acts by Defendant constitute deceptive trade practices in violation of Minnesota Statutes §325D.44.

51. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark, and any other trade name, trademark, or domain name that is likely to be confused with the EDINA REALTY mark, or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution and tarnishment of the EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffers damage to its reputation and goodwill through the false and unauthorized use of the EDINA REALTY mark.

52. Because Defendant's actions have been committed willfully, maliciously and intentionally, Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees pursuant to Section 325D.45 of the Minnesota Statutes.

## COUNT V

### TRADEMARK DILUTION UNDER MINNESOTA LAW
(Minn. Stat. §333.285)

53. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

54. The above acts by Defendant constitute trademark dilution under Minnesota Statutes § 333.285, the analogous statutes of other states, and under Minnesota common law.

55. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark, or any other trade name, trademark, or

domain name that is likely to dilute or be confused with the EDINA REALTY mark, or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution and tarnishment of EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffers damage to its reputation and goodwill through the false and unauthorized use of the EDINA REALTY mark.

56. Because Defendant's actions have been committed willfully, maliciously and intentionally, Plaintiff is entitled to recover Defendant's profits together with Plaintiff's damages, trebled, costs of the action, and reasonable attorneys' fees.

## COUNT VI

## UNFAIR COMPETITION UNDER MINNESOTA COMMON LAW

57. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

58. The above acts by Defendant constitute unfair competition and unfair business practices under Minnesota common law.

59. The conduct of Defendant alleged herein has damaged Plaintiff in an amount to be ascertained at trial, and will, unless preliminarily and permanently restrained and enjoined, further impair if not destroy the value of the EDINA REALTY mark, and Plaintiff's business reputation and goodwill, and Plaintiff has no adequate remedy at law.

60. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark, or any other trade name, trademark, or

domain name that is likely to be confused with the EDINA REALTY mark, or otherwise unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution and tarnishment of the EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffers damage to its reputation and goodwill through the false and unauthorized use of the EDINA REALTY mark.

61. Plaintiff is entitled to recover all damages proximately caused by Defendant's willful unfair competition and unfair business practices.

## COUNT VII

## TRADEMARK INFRINGEMENT UNDER MINNESOTA COMMON LAW

62. Plaintiff incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

63. The above acts by Defendant violate Plaintiff's trademark rights under Minnesota common law.

64. The conduct of Defendant alleged herein has damaged Plaintiff in an amount to be ascertained at trial, and will, unless preliminarily and permanently restrained and enjoined, further impair if not destroy the value of the EDINA REALTY mark, as well as Plaintiff's business reputation and goodwill. Plaintiff has no adequate remedy at law.

65. Plaintiff is entitled to monetary damages and injunctive relief prohibiting Defendant from using Plaintiff's EDINA REALTY mark, and any other trade name, trademark, or domain name that is likely to be confused with the EDINA REALTY mark, or otherwise

unfairly competing with Plaintiff. Without preliminary and permanent injunctive relief, Plaintiff has no means by which to control the continuing injury to its reputation and goodwill or of the continuing dilution and tarnishment of the EDINA REALTY mark. Plaintiff has been and will continue to be irreparably harmed. No amount of money damages can adequately compensate Plaintiff if it loses the ability to control the use of the EDINA REALTY mark, or suffer damage to its reputation and goodwill through the false and unauthorized use of the EDINA REALTY mark.

66.     Plaintiff is entitled to recover all damages proximately caused by Defendant's willful infringement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.      That Defendant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, be permanently enjoined and restrained from directly or indirectly:  (a) purchasing or bidding on keywords that are identical or substantially similar to Plaintiff's EDINA REALTY mark, which are likely to cause consumer confusion, mistake or deception with respect to Plaintiff's EDINA REALTY mark; and (b) continuing to purchase the right to be listed as a "Sponsored Link" or "Sponsor Result" when a consumer conducts a search on Google, Yahoo, or any other search engine by typing in the term "EDINA REALTY" or any other substantially similar term to Plaintiff's EDINA REALTY mark;

2.      That Defendant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, be permanently enjoined and restrained from directly or indirectly making any use of Plaintiff's

EDINA REALTY mark and/or any terms confusingly similar thereto which is likely to confuse consumers into believing that the services that are the subject of Defendant's keyword advertising are sponsored by, affiliated with, or otherwise endorsed in any way by Plaintiff, including without limitation by means of using Plaintiff's EDINA REALTY mark as a hypertext link to Defendant's web site, whether in the context of a sponsored advertisement or otherwise;

3. That Defendant, its officers, affiliate companies, agents, servants, employees, successors, licensees, and assigns, and all others in concert and privity with them, be enjoined during the pendency of this action, and permanently thereafter, from committing any other acts calculated to cause purchasers to believe that any of its or their services are sponsored by, approved by, connected with, or offered or sold by Plaintiff or under license from Plaintiff;

4. That Defendant, within thirty (30) days after having been served with judgment, with notice of entry upon it, be required to file with this Court and to serve upon Plaintiff, a written report, under oath, setting forth in detail, the manner in which Defendant has complied with Paragraphs 1 through 3, above;

5. That Defendant be ordered to account to Plaintiff for, and to pay to Plaintiff, all of Defendant's profits and all amounts by which Defendant has been unjustly enriched from its acts and practices complained of herein, increased on grounds that this is an exceptional case and according to the circumstances of the case under Section 35(a) of the Lanham Act;

6. That Defendant be ordered to pay Plaintiff its actual damages suffered as a result of Defendant's wrongful acts in an amount to be determined at trial, trebled on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

7. That Defendant be ordered to pay Plaintiff's attorneys' fees and costs on grounds that this is an exceptional case under Section 35(a) of the Lanham Act;

      8.      That Defendant be ordered to pay Plaintiff prejudgment interest on any monetary award;

      9.      That Defendant be ordered to pay punitive damages to Plaintiff; and

     10.     Such further relief as the Court deems just and proper.

Dated:  October 7, 2004                     s/Susan M. Robiner
                                             Susan M. Robiner (#168609)
                                             Mical Kapsner Griffin (#286461)

                                             **LEONARD, STREET AND DEINARD**
                                             Professional Association
                                             150 South Fifth Street
                                             Suite 2300
                                             Minneapolis, Minnesota  55402
                                             Telephone:  (612) 335-1500
                                             Facsimile: (612-335-1657

                                             **ATTORNEYS FOR PLAINTIFF EDINA REALTY, INC.**

**DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff EDINA REALTY, INC. hereby demands a trial of this dispute by jury.

Dated: October 7, 2004         s/Susan M. Robiner
                               Susan M. Robiner (#168609)
                               Mical Kapsner Griffin (#286461)

                               **LEONARD, STREET AND DEINARD**
                               Professional Association
                               150 South Fifth Street
                               Suite 2300
                               Minneapolis, Minnesota  55402
                               Telephone:  (612) 335-1500
                               Facsimile: (612-335-1657

                               **ATTORNEYS FOR PLAINTIFF EDINA REALTY, INC.**