**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

EDINA REALTY, INC.,

Plaintiff,

v.

THEMLSONLINE.COM,

Defendant.

Civil No. 04-4371 (JRT/FLN)

**ORDER**

Rita A. O'Keeffe, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

Courtney M. Rogers Reid, **HALLELAND LEWIS NILAN & JOHNSON PA**, 220 South Sixth Street, Suite 600, Minneapolis, MN 55402, for defendant.

Plaintiff Edina Realty has sued defendant, TheMLSOnline.com, for infringement of plaintiff's rights in the trademark EDINA REALTY®. On March 20, 2006, this Court issued an Order that, *inter alia*, denied defendant's motion for summary judgment as to the trademark infringement claims. Defendant has now requested leave to file a motion to reconsider portions of this Order pursuant to Local Rule 7.1(g), claiming that the Court made erroneous factual findings and disputing the Court's conclusion that defendant's use of the Edina Realty mark does not as a matter of law constitute nominative fair use. Defendant also disputes the Court's conclusion that defendant's purchase of the Edina Realty trademark as an Internet search term constitutes a "use in commerce" under the

Lanham Act. Finally, defendant requests that the Court certify its Order under 28 U.S.C. § 1292(b) to allow an immediate appeal on these issues.

A motion to reconsider under Local Rule 7.1(g) is the "functional equivalent" of a motion to alter or amend the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. *DuBose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Requests to file such motions are granted "only upon a showing of compelling circumstances." D. Minn. LR 7.1(g). A motion to reconsider should not be employed to relitigate old issues, but to "afford an opportunity for relief in extraordinary circumstances." *Dale & Selby Superette & Deli v. United States Dept. of Agriculture*, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

The Court finds that defendant has not shown the compelling circumstances necessary to justify its request. Defendant claims that the Court made erroneous findings of fact, but a straightforward reading of the Order shows that all its findings of fact have support in the record. On the issue of nominative fair use, defendant's letter brief simply restates arguments made in writing and orally before this Court. The Court need not revisit its reasoning in its Order; it suffices to find that the Order clearly explained the Court's reasons for denying defendant's motion, and the Order was not erroneous as a matter of law. Defendant's current arguments appear to seek nothing more than "a second bite at the apple," something the rules prohibit. *Id.*

Defendant also cites to a recent decision from the Southern District of New York in support of its request. *See Merck & Co. v. Mediplan Health Consulting, Inc.*, 2006 WL 800756 (S.D.N.Y. Mar. 30, 2006). *Merck* provides no support for reconsideration on the issue of nominative fair use because it is distinguishable in its procedural posture and

sets forth no new law. As for the use in commerce standard, *Merck* applies controlling law of its circuit while identifying numerous well-reasoned opinions consistent with this Court's Order. Because defendant has not shown compelling circumstances as required by Local Rule 7.1(g), the Court denies its request to file a motion to reconsider.

Finally, defendant requests permission to file an interlocutory appeal pursuant to 28 U.S.C. § 1292(b), which permits a district judge to certify for immediate appeal an order if, in the Court's opinion, "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." The Court of Appeals, in its discretion, then has immediate jurisdiction over the appeal. *Id.*

The requisite criteria for permitting interlocutory appeal are not satisfied here. While the Eighth Circuit has not yet addressed the issue of nominative fair use, the doctrine is well developed in other circuits. Application of the law of these circuits to the facts of this case cannot justify interlocutory appeal. As for the issue of whether the purchase of an Internet search term is a "use in commerce" under the Lanham Act, the Court agrees with defendant that there is a scarcity of opinions on this issue. However, a scarcity of opinions on a particular issue is not grounds for interlocutory appeal. Accordingly, the Court declines to amend its March 20, 2006 Order to certify these issues for immediate appeal.

**ORDER**

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's request for leave to file a motion to reconsider portions of summary judgment order [Docket No. 124] is **DENIED**;

2. Defendant's request for permission to file an interlocutory appeal [Docket No. 130] is **DENIED**.

DATED: May 11, 2006
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge